whether it was purchased from the lessee and operator of·a mine or from the plaintiff, who, under a contract with the former, controlled the output of the mine.

2. INSTRUCTIONS, § 159*—*when instructions construed as series.* A series of instructions is to be read as a whole.

3. INSTRUCTIONS, § 160*—*when bad instruction cured by other instructions.* A bad instruction may be explained and cured by other instructions of a series, unless a verdict is directed on the faulty one.

4. ASSIGNMENTS, § 31*—*when assignee may recover on contract.* A person cannot recover as the assignee of a contract, in an action not brought in the name of the assignor, where he does not bring himself within section 18 of the Practice Act (J. & A. ¶ 8555).

---

## James Savio et al., Appellees, v. Anton Vieno et al., Appellants.

### Gen. No. 5,988.   (Not to be reported in full.)

Appeal from the City Court of Spring Valley; the Hon. C. E. SHELDON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed June 11, 1915. Rehearing denied July 7, 1915.

### Statement of the Case.

Bill in equity filed. by James Savio and two others against Court Rose No. 12 of the Foresters of America, of Spring Valley, Illinois, and the treasurer, financial treasurer and the trustees thereof, alleging that the complainants were members of said order, of which Court Rose was a local beneficiary society subject to the constitution and by-laws of said body and of the Grand Court of Illinois, and that at a meeting held November 24, 1913, a majority of the members of the local body attempted to secede from the Order of Foresters of America, and at a meeting held January 24, 1914, they attempted to change the name of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative ·Quarterly, same topic and section number.

local body; that the notice for the November meeting did not comply with the rules of the order, and that therefore the proceeding was illegal and void; that the defendants are in possession of about $1,800 belonging to said order and derived from dues paid by the respective members together with the charter, rituals, books, paraphernalia and costumes of the society, and certain real estate belonging to the society, which the defendants threaten to convert to their own use or to turn over to a new order which they have attempted to join; that by the laws of the society in case of an attempt by a local body to secede, if fifteen or more of the members, including some one competent to preside, do not secede (as was alleged to be the case here), they shall constitute the local body, and be entitled to the property belonging to it before the attempted secession, and that if there are not fifteen members refusing to secede, that the property shall then belong to the grand lodge of the Order of Foresters of the State of Illinois. The complainants prayed that the action of November 24, 1913, be held illegal; and also for a temporary injunction restraining the defendants from disposing of said property. An injunction without bond was issued. Thereafter a motion, which was denied was made to dissolve the injunction, and by leave of court the complainants dismissed their bill as to one complainant who had died and as to the defendant Court Rose No. 12, and made it a complainant, and filed an amended and supplemental bill, to which the Grand Court of Illinois was made a defendant. The amended bill alleged that the laws of the order did not provide adequate relief. Subsequently, with leave of court, other amendments were made to the bill, including the prayer, so as to include the new defendants. The defendants, except the Grand Court, moved to dissolve the injunction, and the motion was denied. The Grand Court answered admitting most of the allegations of the bill. The other defendants then answered denying

most of its allegations, when the defendants with the exception of the Grand Court, again moved to dissolve the injunction, and the motion was denied. Whereupon the defendants, with the exception of the Grand Court, filed a bond, and attempted to appeal from the order denying such motions.

It was contended that the verification to the original, the amended and supplemental bills were defective, and made those pleadings entirely on information and belief, and that the court erred in subsequently permitting the amendment of the verifications.

The motions for leave to file the amended and supplemental bills and subsequent amendments did not ask that it be without prejudice to the injunction.

J. L. MURPHY, for appellants.

GILBERT F. WAGNER, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. INJUNCTION, § 367*—*when denial of motion to dissolve is appealable.* Under section 123 of the Practice Act (J. & A. ¶ 8661), an appeal lies from the denial of a motion to dissolve an injunction made either before or after answer.

2. INJUNCTION, § 183*—*when verification sufficient.* The verification of an injunction bill, as well as a supplemental bill and amendments thereto, *held* absolute, except as to matters expressly charged on information and belief.

3. INJUNCTION, § 165*—*when preliminary injunction dissolved by amendment to bill.* The filing of an amendment to an injunction bill, as well as a supplemental bill and amendments thereto, which merely make the allegations of the original bill more specific, although made without an express order that they should be without prejudice to a preliminary injunction previously granted, do not have the effect of dissolving such writ.

4. FRATERNAL AND MUTUAL BENEFIT SOCIETIES, § 55*—*when member may enjoin disposition of property.* A bill of complaint filed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by a member of a local beneficiary society against the society and its officers, alleging an illegal attempt by the defendants and others to secede from the order, and that the defendants were in possession of money and property belonging to the society which they intended to turn over to a new society which they intended to join, or to convert it to their own use, *held* to justify the granting of a preliminary injunction until a hearing on the merits.

Thomas Caveglia et al., Appellees, v. Anton Vieno et al., Appellants.

Gen. No. 5,989. (Not to be reported in full.)

Appeal from the City Court of Spring Valley; the Hon. C. E. SHELDON, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed June 11, 1915. Amended and refiled June 25, 1915. Rehearing denied July 7, 1915.

### Statement of the Case.

Bill filed by Thomas Caveglia and sixty or seventy others against five persons as defendants, who were alleged to be the treasurer, financial treasurer and trustees of Court Rose No. 12, Foresters of America, of Spring Valley, Illinois, under the jurisdiction of the Grand Court of Illinois. The bill alleged that the complainants were all members of said Court; and in its main features the bill and its amendments were like those discussed in *Savio v. Vieno, ante,* p. 395. A preliminary injunction was granted. Thereafter by leave of court, the bill was amended, which the defendants moved to dismiss because filed without the consent of certain of the complainants, affidavits of whom were filed denying authority to use their names. The court permitted the complainants to discontinue the suit as to all of such parties excepting Pietro Riva, and then